IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| **BRIAN MCMANUS,** :<br>:<br>**Plaintiff,** :<br>:<br>VS. :<br>:<br>**HOUSTON COUNTY DETENTION** :<br>**CENTER,** *et al.*, :<br>:<br>**Defendants.** :<br>:  | NO. 5:24-CV-00378-TES-CHW |

## ORDER

Presently pending before the Court is a Complaint filed by pro se Plaintiff Brian McManus, an inmate in the Houston County Detention Center in Perry, Georgia, seeking relief pursuant to 42 U.S.C. § 1983 (ECF No. 1). A review of Plaintiff's submissions demonstrates that Plaintiff is presently unable to pay the cost of commencing this action. Plaintiff's pending motion to proceed *in forma pauperis* (ECF No. 2) is therefore **GRANTED.** Even if a prisoner is allowed to proceed *in forma pauperis*, however, he must still pay the full amount of the $350.00 filing fee in installments based on funds in the prisoner's account. When a prisoner has funds in his account, he must pay an initial partial filing fee of twenty percent of the greater of (1) the average monthly deposits to the prisoner's account, or (2) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). A review of Plaintiff's prison trust fund account statement shows he had an average monthly balance of $107.59 to his account in the six months prior to the filing of his

Complaint, and he has a present positive balance. Mot. Proceed IFP 4, ECF No. 2. Twenty percent of $107.59 is $21.52. Plaintiff is therefore **ORDERED** to pay an initial partial filing fee of $21.52.

Following payment of the initial partial filing fee, money will be deducted from Plaintiff's account until the filing fee ($350.00) is paid in full as set forth in § 1915(b) and explained below. It is accordingly **DIRECTED** that the **CLERK** forward a copy of this **ORDER** to the business manager of the facility in which Plaintiff is incarcerated so that withdrawals from his account may commence as payment towards the filing fee. The district court's filing fee is not refundable, regardless of the outcome of the case, and must therefore be paid in full even if the Plaintiff's complaint (or any part thereof) is dismissed prior to service.

I.      Directions to Plaintiff's Custodian

It is hereby **ORDERED** that the warden of the institution wherein Plaintiff is incarcerated, or the sheriff of any county wherein he is held in custody, and any successor custodians, each month cause to be remitted to the Clerk of this Court twenty percent (20%) of the preceding month's income credited to Plaintiff's account at said institution until the $350.00 filing fee has been paid in full. In accordance with provisions of the Prison Litigation Reform Act ("PLRA"), Plaintiff's custodian is hereby authorized to forward payments from the prisoner's account to the Clerk of Court each month until the filing fee is paid in full, provided the amount in the account exceeds $10.00. It is further **ORDERED** that collection of monthly payments from Plaintiff's trust fund account shall

continue until the entire $350.00 has been collected, notwithstanding the dismissal of Plaintiff's lawsuit (or any part thereof) or the granting of judgment against him prior to the collection of the full filing fee.

II.   Plaintiff's Obligations on Release

Plaintiff should keep in mind that his release from incarceration/detention does not release him from his obligation to pay the installments incurred while he was in custody. Plaintiff remains obligated to pay those installments justified by the income in his prisoner trust account while he was detained. If Plaintiff fails to remit such payments, the Court authorizes collection from Plaintiff of any balance due on these payments by any means permitted by law. Plaintiff's Complaint may be dismissed if he is able to make payments but fails to do so or if he otherwise fails to comply with the provisions of the PLRA.

Plaintiff has **FOURTEEN (14) DAYS** from the date shown on this Order to pay a partial filing fee of $21.52. If circumstances have changed and Plaintiff cannot pay the initial partial filing fee as ordered, Plaintiff should file a renewed motion for leave to proceed *in forma pauperis*, accompanied by an updated prison trust fund account statement covering the most recent six months, explaining such change in circumstances within **FOURTEEN (14) DAYS** of the date of this Order.

While Plaintiff's custodian is ordered herein to make subsequent payments on Plaintiff's behalf, Plaintiff should note that it is **HIS RESPONSIBILITY** to pay the initial partial filing fee. Thus, Plaintiff must make arrangements with the appropriate official to

ensure that the initial partial filing fee is paid in accordance with this order. Thereafter, Plaintiff's custodian shall remit monthly payments as set forth above.

To reiterate, Plaintiff's motion to proceed *in forma pauperis* (ECF No. 2) is **GRANTED**, and Plaintiff shall have **FOURTEEN (14) DAYS** from the date of this order to pay the initial partial filing fee or file a renewed motion for leave to proceed *in forma pauperis* as set forth above. **Failure to fully and timely comply with this Order will result in the dismissal of Plaintiff's Complaint.** Plaintiff is also reminded of his obligation to notify the Court in writing of any change in his mailing address. There shall be no service of process until further order of the Court.

**SO ORDERED**, this 18th day of November, 2024.

s/ Charles H. Weigle  
Charles H. Weigle  
United States Magistrate Judge